UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PARKVIEW ADVENTIST MEDICAL CENTER,** ) ) ) **Plaintiff,** ) ) v. ) ) **CENTRAL MAINE HEALTHCARE CORPORATION, et al.,** ) ) ) **Defendants.** ) | 2:15-mc-00304-JDL |

### ORDER ON PLAINTIFF PARKVIEW ADVENTIST MEDICAL CENTER'S MOTION TO WITHDRAW THE REFERENCE

Plaintiff Parkview Adventist Medical Center ("Parkview") moves to withdraw the reference of the adversary proceeding, *Parkview Adventist Medical Center v. Central Maine Healthcare Corporation et al.*, (Bankruptcy Court, Case 15-02019), from the United States Bankruptcy Court. ECF No. 1.[1] Defendants Central Maine Healthcare Corporation, Central Maine Medical Center, and Bridgton Hospital (together, "CMHC") object to the motion. ECF No. 8. A hearing was held on December 17, 2015. For the reasons discussed below, I deny the motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Parkview filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C.A. § 1101 *et seq.* (2015), on June 16, 2015. Bankruptcy Court, Case 15-20442, ECF No. 1. Parkview initiated the adversary proceeding in question by filing a complaint against Central Maine Healthcare

---

[1] The ECF references, unless otherwise indicated, correspond to the docket for the motion to withdraw before the District Court, 2:15-mc-00304-JDL. References to filings in the Bankruptcy Court specify the case number along with the ECF number.

Corporation and related entities on July 22, 2015. Bankruptcy Court, Case 15-02019, ECF No. 1. Parkview filed an Amended Complaint, which included a jury demand, in the adversary proceeding on September 17, 2015. Bankruptcy Court, Case 15-02019, ECF No. 26. On the same day, Parkview filed a motion to withdraw the adversary proceeding from the Bankruptcy Court. Bankruptcy Court, Case 15-02019, ECF No. 27. A motion by CMHC to dismiss Counts I-IV, VII-XI, and XIII-XIV of Parkview's Amended Complaint, filed on October 19, 2015, is currently pending in the Bankruptcy Court. *See* Bankruptcy Court, Case 15-02019, ECF Nos. 30 and 31 (CMHC's partial motion to dismiss and memorandum of law in support), ECF No. 33 (Parkview's response in objection), ECF No. 37 (CMHC's reply).

In the Amended Complaint, Parkview seeks the avoidance of transfers to CMHC as fraudulent or preferential transfers under Maine law and the United States Bankruptcy Code ("Bankruptcy Code" or "Code"); the recharacterization or subordination of any debt obligation that Parkview may owe to CMHC; damages for negligence and breach of fiduciary duty by CMHC; a declaratory judgment declaring that CMHC is liable for certain debts that it claims are owed to it by Parkview and which were incurred in violation of Maine state law; a judgment that CMHC has violated applicable federal and state antitrust laws; and a judgment that CMHC benefited from expenses incurred by Parkview in marshaling and liquidating certain assets and that Parkview is entitled to surcharge CMHC for those expenses pursuant to the Bankruptcy Code. Bankruptcy Court, Case 15-02019, ECF No. 26 at 1-2. The Amended Complaint sets forth fifteen counts in total.

## II. LEGAL ANALYSIS

Parkview seeks a withdrawal, under 28 U.S.C.A. § 157(d) (2015), of the adversary proceeding from the Bankruptcy Court to which it was referred pursuant to 28 U.S.C.A. § 157(a) and Local Rule 83.6(a). Section 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157(d). A motion for withdrawal of a case or proceeding is to be heard by a district judge in accordance with Federal Rule of Bankruptcy Procedure 5011(a).

Section 157(d) provides for two types of withdrawal, under a "federal law" prong or a "for cause" prong. *In re Montreal Me. & Atl. Ry., Ltd.*, 2015 WL 3604335, at *3 (D. Me. June 8, 2015). These prongs are commonly referred to, respectively, as the "mandatory" and "discretionary" prongs; in some circumstances, however, the court may be required to withdraw a reference under the "for cause" prong for reasons related to constraints on the authority of bankruptcy judges to conduct jury trials. *Id.* at *3 n.5; *Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005) ("a valid jury demand can have the effect of mandating withdrawal to the District Court for trial").

Parkview argues that withdrawal is mandatory under the "federal law" prong of 28 U.S.C.A. § 157(d), or alternatively, that permissive withdrawal should be granted under the "for cause" prong of 28 U.S.C.A. § 157(d).

3

### A.     "Federal Law" Prong ("Mandatory Withdrawal")

The threshold issue under the "federal law" prong is whether the court "can make an 'affirmative determination' that resolution of the claims hinges on non-Code federal law." *In re Montreal*, 2015 WL 3604335, at *3 (citing *In re White Motor Corp.*, 42 B.R. 693, 705 (N.D. Ohio 1984)). If the court determines that non-Bankruptcy Code federal law governs, withdrawal is required only if the court "can make an 'affirmative determination' that resolving the claims will require '*substantial and material* consideration' of non-Code federal law." *Id.* at *5 (emphasis in text) (citation omitted); *see also Howard v. Canadian Nat'l Ry. Co.*, 2005 WL 758446, at *1 (D. Me. Feb. 23, 2005). This standard is met if "resolving the proceeding would require a court to make a 'significant interpretation' or 'engage itself in the intricacies' of non-Code federal law," and is not met "where resolving the case would require only 'simple' or 'routine' application of non-Code federal law" to new facts. *In re Montreal*, 2015 WL 3604335, at *5 (citations omitted). "Typically, the movant's 'burden . . . is more easily met' where resolution of the proceeding will include 'matters of first impression.'" *Id.* (citation omitted).

Parkview argues that withdrawal is mandatory because the Amended Complaint asserts in Count XIII a cause of action under the Sherman Act, which will require "'substantial and material consideration' by Article III judges of the District Court[.]" ECF No. 1 at 5-6. CMHC counters that Parkview "has failed to demonstrate that its claims require any 'substantial and material' consideration of novel issues of first impression relating to federal anti-trust law" and that Parkview's claims "require only a simple or routine application of settled federal law to new facts." ECF

4

No. 8 at 7.

Non-Code federal law "regulating organizations or activities affecting interstate commerce," 28 U.S.C.A. § 157(d), namely, the Sherman Act, governs Count XIII.  The question is whether resolving the adversary proceeding will require "substantial and material consideration" of non-Code federal law.  Parkview alleges in Count XIII of the Amended Complaint that CMHC sought to acquire ownership of Parkview and obtained *de facto* control of Parkview, which CMHC used to divert patients and attendant revenue from Parkview to CMHC's facilities in Lewiston and to effectively eliminate Parkview as a competitor in the Maine mid-coast region.  Bankruptcy Court, Case 15-02019, ECF No. 26 at 23-27.  The adjudicating court will need to determine whether these actions constituted a "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce," in violation of 15 U.S.C.A. § 1 (2015).

Parkview has not demonstrated that "substantial and material consideration" of the Sherman Act will be required.  Parkview advances that it will be, because the court will have to define the relevant product and geographic market area and determine whether the relations between CMHC and Parkview unreasonably restrained competition.  ECF No. 9 at 3.  Yet these issues, which may indeed prove to be complex, relate to factual determinations and the application of long-established antitrust principles.  Parkview also asserts that analysis of the Sherman Act is "intertwined" in this case with state healthcare laws, *id.*, but has not demonstrated how this presents a need for significant interpretation of federal law.

Parkview also contends that the issue of whether, as a participant in the alleged agreement in restraint of trade, it can bring and recover on an antitrust claim implicates a novel legal question—whether Parkview as a debtor in possession is legally distinct from Parkview as the pre-bankruptcy petition entity and therefore entitled to more latitude for standing purposes. *Id.* at 1-3 n.2, n.3. However, Parkview has cited no authority for this proposition. In addition, as a question pertaining to debtors' rights, it is one that primarily or exclusively is governed by the Bankruptcy Code. And Parkview itself has argued that the issue of the doctrine of *in pari delicto* in relation to a Sherman Act claim is subject to established case law. *Id.* at 1-2 n.2.

For these reasons, I conclude that withdrawal under the "federal law" prong is not required in this case.

### B. "For Cause" Prong ("Permissive Withdrawal")

A party moving for withdrawal under the "for cause" prong of § 157(d) bears the burden of establishing that withdrawal is warranted. *In re Montreal*, 2015 WL 3604335, at *7; *Turner v. Boyle*, 425 B.R. 20, 24 (D. Me. 2010). Courts considering whether to grant withdrawal for cause typically analyze the four goals stated in *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985): (1) "promoting uniformity in bankruptcy administration," (2) "reducing forum shopping and confusion," (3) "fostering the economical use of the debtors' and creditors' resources," and (4) "expediting the bankruptcy process." *In re Montreal*, 2015 WL 3604335, at *7; *see also In re Envisionet Comput. Servs., Inc.*, 276 B.R. 1, 4 (D. Me. 2002). There are two additional considerations that affect this inquiry:

> The consideration of these goals is affected by two limits on bankruptcy judges' powers. First, if the Bankruptcy Court lacks the authority to enter a final judgment and would only be able to issue proposed findings of fact and conclusions of law for the district court to review de novo, withdrawing the reference obviates the need for an extra step of judicial review. Even where this concern is implicated, district courts sometimes determine that it would be useful to have the bankruptcy judge's report and recommended decision or that other factors override any inefficiencies. Second, if one of the parties has a right to and demands a jury trial before an Article III judge, withdrawing the reference allows the same judge to preside over both pretrial matters and the trial itself. Even where this concern is implicated, district courts sometimes determine that it would be more efficient to have the bankruptcy judge manage the proceedings until the case is ready for trial, a procedure that presents no Seventh Amendment problems.

*In re Montreal*, 2015 WL 3604335, at *8 (citations omitted).

After consideration of all relevant factors, I conclude that the interests of judicial economy and an expeditious bankruptcy process are best achieved by not withdrawing the adversary proceeding at this time. The Bankruptcy Court has presided over the adversary proceeding (Case 15-02019) since it was initiated by Parkview on July 22, 2015, as well as an extensive docket in the bankruptcy case since Parkview filed its petition on June 16, 2015 (Case 15-20442). Denying the motion for withdrawal of the reference at this stage will allow the Bankruptcy Court to continue to manage the adversary proceeding along with the bankruptcy case. In particular, the Bankruptcy Court will be able to promptly decide the partial motion to dismiss, which has been fully briefed and is ready for decision. That decision may potentially dismiss some of the claims in the Amended Complaint, and, even if the partial motion to dismiss is denied in all respects and Parkview's jury demand is valid as to one or more claims, efficiency and economy will be achieved by having the Bankruptcy Court manage the case until it is ready for trial. *See In re Montreal*, 2015

7

WL 3604335, at *8; *Turner*, 425 B.R. at 23.

Parkview has raised the issue of core versus noncore claims, contending that the majority of the claims in the Complaint are "non-core" proceedings and, therefore, the adversary proceeding should be withdrawn. ECF No. 1 at 9-10; ECF No. 9 at 6. As evidenced in the parties' briefs and at oral argument, the parties dispute whether the claims in the fifteen-count Amended Complaint are proceedings on which the bankruptcy judge may enter final judgment under 28 U.S.C.A. § 157(b)(1), (c)(1) and *Stern v. Marshall*, 131 S. Ct. 2594 (2011). ECF No. 1 at 9; ECF No. 8 at 10.

The partial motion to dismiss will necessarily require the Bankruptcy Court to address whether the claims that are the subject of the motion are claims on which the bankruptcy judge can enter final order or judgment or on which it must submit proposed findings of fact and conclusions of law for the District Court's review and entry of judgment, 28 U.S.C.A. § 157(b)(1), (c)(1); *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014). In either case, this court will benefit from the bankruptcy judge's initial assessment of the question of core versus noncore claims.

In view of all relevant considerations, denying immediate withdrawal facilitates the most sensible and efficient process in the adversary proceeding and bankruptcy case.

### III. CONCLUSION

For the foregoing reasons, Parkview's motion to withdraw the reference of the adversary proceeding (ECF No. 1) is **DENIED**.

**SO ORDERED.**

Dated this 23rd day of February, 2016.

                                                                                            **/s/ Jon D. Levy**
                                                                          **U.S. DISTRICT JUDGE**